KURTZ et al. v. INDEPENDENT HAT LINING CO., Inc.

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

No. 217.

Patents ⬤➡328—Kurtz, 1,216,140, for hat lining, held not infringed.

The Kurtz patent, No. 1,216,140, for a hat lining, held not infringed on review of an order granting a preliminary injunction.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Alfred Kurtz and others against the Independent Hat Lining

Company, Inc. From an order granting a preliminary injunction, defendant appeals. Reversed.

Warfield & Watson, of New York City (Lawrence Bristol and F. P. Warfield, both of New York City, of counsel), for appellant.

Oscar W. Jeffery and Tobias A. Keppler, both of New York City, for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge. This suit is upon the patent considered and upheld in Kurtz v. Belle, etc., Co. (C. C. A.) 280 F. 277, and the court below has enjoined as an infringement a hat lining, consisting of a crown piece and a side piece sewed together, but between the meeting edges of these two pieces is inserted what plaintiff calls a "single uncovered exposed piece of material," and the sewing unites the crown, side, and "exposed piece" into a unitary structure.

The appeal requires some consideration of our decision just cited, which has, we think, been misapplied below. The Kurtz patent, 1,216,140 (the claims of which may be found in 280 F. 277), covers the combination in a hat lining of a side piece, crown piece, and an "uncovered cord" exposed between crown and side, with means (i. e., sewing) for so uniting crown, side, and cord as to form a unitary structure, showing the cord as an "ornate seam."

The patent was upheld over Rawak (1,-191,996) solely because the "exposed cord" was a different element from Rawak's "annular pocket" with a core (often a cord) inserted therein, and both patents were differentiated from "piping," which is of unknown antiquity. The function of Rawak's annular pocket, with core, and of Kurtz's uncovered cord, was to stiffen the unitary lining to an extent which mere piping could not do.

Validity in Kurtz over Rawak lay solely in the "uncovered cord," and validity in Rawak lay in his stiffened piping. This defendant uses no uncovered cord, and has not stiffened its piping by any inserted core or cord. What must be called the equivalent of a cord in defendant's structure, if infringement be found, is merely the piping of the prior and very ancient art. It is neither Kurtz's nor Rawak's device.

What would be the scope of Kurtz or Rawak, if some one devised a stiffened piping that was neither an uncovered cord nor a cored annular pocket, is not before us. It is enough that defendant is doing no more than utilizing an old device of the needle art. That he seems to find a market for soft unstiffened hat linings may annoy Kurtz, and possibly Rawak, but is immaterial.

Order reversed, with costs.